**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IDELL DEARRY, *et al.*,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | )     **Civil Action No. 2:21-cv-02548 (MAK)** |
| **SOAREN MANAGEMENT, LLC, *et al.*** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**DEFENDANTS' MOTION TO DISMISS**

Defendants, Kraken Holdings, LLC ("Kraken"), Andrew Dunn ("Dunn"), and Joshua Bickerstaff ("Bickerstaff") (collectively "Defendants"), submit this Motion to Dismiss the Complaint filed by Plaintiffs Idell Dearry and Penny Green ("Plaintiffs") pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

Plaintiffs' Complaint purports to describe a scheme whereby defendants allegedly profited from loans made by Pine Tree Lending, LLC ("Pine Tree Lending"), an entity established by the Passamaquoddy Tribe of Indian Township, a federally-recognized American Indian tribe located in Maine (the "Tribe"). As described in detail in the accompanying Memorandum in Support, this Court does not have personal jurisdiction over Defendants because the Complaint fails to allege that Defendants had any contact with Pennsylvania. In addition, the factual allegations (or lack thereof) regarding Defendants require dismissal of the claims against them.

**SUMMARY OF PLAINTIFFS' ALLEGATIONS**

Plaintiffs are residents of Pennsylvania who each applied for and received a loan with Pine Tree Lending, LLC (an LLC established by the Tribe) using Pine Tree Lending's website. (*Id.* ¶¶

9-10, 19, 56-68, 36.)   As part of the lending process, co-Defendant FactorTrust, Inc. ("FactorTrust") provided a credit report on each Plaintiff to Soaren Management, LLC ("Soaren"), which Pine Tree Lending hired to provide loan servicing support.  (*Id*. ¶¶ 51-55, 101.)  Each Plaintiff made payments on her loan with Pine Tree Lending via an ACH protocol allegedly arranged and managed by the "Soaren Defendants" (defined by Plaintiffs to collectively include Soaren, Kraken, Dunn, and Bickerstaff.)  (*Id*. ¶¶ 59, 62, 15.)

Plaintiffs allege that their loans with Pine Tree Lending are unlawful because the interest rate under their loans exceeds the maximum rate allowed under Pennsylvania law, though the loans state that they are governed by the law of the Tribe.  (*Id*. ¶¶ 69-73.)  Plaintiffs are seeking to represent themselves and a class of certain persons who obtained loans from Pine Tree Lending with respect to the following claims: violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO" or "RICO Act") (Counts One and Two); conspiracy to violate the RICO Act (Count Three); violations of the Fair Debt Collection Practices Act ("FDCPA") (Count Four); and unjust enrichment (Count Five).  A summary of these allegations, and Defendants' basis for its Motion to Dismiss, is set forth below.

## SUMMARY OF DEFENDANTS' ARGUMENTS

**I.    The Court lacks personal jurisdiction over Dunn, Bickerstaff, and Kraken.**

With respect to Dunn and Bickerstaff, the Court plainly does not have general jurisdiction over them as non-resident, individual defendants.  Plaintiffs do not allege Dunn or Bickerstaff are residents of Pennsylvania.  (Compl. ¶¶ 13-14.)  Dunn and Bickerstaff also waived service through counsel.  (Dkt No. 10).  Defendants were not present in Pennsylvania when that waiver of service occurred this past summer.  (Declaration of Andrew Dunn ¶ 5) ("Dunn Decl."); (Declaration of Joshua Bickerstaff ¶ 5) ("Bickerstaff Decl.").  Nor does the Court have general jurisdiction over

Kraken.  Based on *Daimler AG v. Bauman,* 134 S. Ct. 746 (2014), this Court cannot possibly exercise general personal jurisdiction over Kraken.  Kraken is incorporated in Minnesota and has its principal place of business in Arizona.  Dunn Decl. ¶¶ 7-8.  Kraken's business activities take place in Arizona.  *Id.* ¶¶ 8-10.  Kraken does not engage in any business, advertise, or communicate with consumers in Pennsylvania.  *Id.* ¶¶ 10-15.[1]  Specific jurisdiction is likewise lacking.  None of the Defendants conducted business in Pennsylvania or directed any of the (few) identified activities in this case towards Pennsylvania.

## II.  Plaintiffs have failed to allege adequate factual support for their RICO claims against Dunn, Bickerstaff, and Kraken.

Plaintiffs have failed to satisfy the pleading standard regarding the RICO claims plead against Dunn and Bickerstaff.  The factual allegations relating to them are sparse and undeveloped.  The 27-page, 132-paragraph Complaint specifically refers to each Defendant only *seven* times.  Dunn is alleged to be Soaren's CEO; Bickerstaff is alleged to be Soaren's COO.  (Compl. ¶¶ 13-14.)  Plaintiffs' primary allegation was made "[u]pon information and belief" that, "as directors of [Soaren]," they are "responsible for designing, organizing, and implementing" Pine Tree Lending's operation.  (*Id*. ¶¶ 49, 101.)  Notably, there are no factual allegations explaining how Dunn or Bickerstaff "led, controlled, and/or managed" the PTL Lending Operation, as opposed to merely managing Soaren as its CEO and COO.

The factual allegations against Kraken are equally insufficient to support a RICO claim.  Plaintiffs assert that Kraken is registered as the "manager" of Soaren on the Nevada Secretary of State website, from which Plaintiffs conclude that Kraken is "responsible" for Soaren's operations.

---

[1] The Complaint also alleges that the Court has personal jurisdiction over Dunn, Bickerstaff, and Kraken under the RICO statute, 18 U.S.C. § 1965(b).  (Compl. ¶ 21.)  As detailed in the Memorandum in Support, because all Defendants are subject to personal jurisdiction and venue in Arizona and the "ends of justice" are better served in Arizona, this Court should decline to exercise jurisdiction.  *See Shulton, Inc. v. Optel Corp.*, No. 85-2925, 1986 U.S. Dist. LEXIS 19775, at *14 (D.N.J. Sept. 29, 1986).

(Compl. ¶¶ 12, 101.)  Plaintiffs in their non-factual "Introduction" speculate that the Tribe's lending website was "controlled by and for the profit of" Soaren and Kraken.  (*Id*. ¶¶ 4.)  Also, in their "Introduction," Plaintiffs hypothesize that the interest paid by Plaintiff Dearry to the Tribe purportedly "ended up as revenue to [Soaren] and [Kraken]." (*Id*. ¶ 6.)  Like Dunn and Bickerstaff, Kraken is alleged to be a member and associate and to have managed the PTL Lending Organization (*Id*. ¶¶ 100, 104.)  That is the sum total of the allegations against Kraken.

The allegations against Kraken that allegedly tie it to the enterprise are either speculation or conclusions – neither which rise to the pleading level required by this Court.  There are simply no *factual* allegations showing: (a) how the website was alleged controlled by Kraken or how Kraken profited by it; (b) how any interest paid to the Tribe ended up as revenue to Kraken; or (c) how Kraken allegedly "managed" the PTL Lending Organization.  In fact, it appears that Plaintiffs included Kraken in this lawsuit merely because Kraken is alleged to have been a "manager" of Soaren.  Merely having the status of "manager" is not enough to adequately state a RICO claim.  Likewise, lumping Kraken in with the group "Soaren Defendants" is not enough to state a claim.

Finally, The RICO claim asserted in Count Two relies on the predicate act of wire fraud.  Plaintiffs allege that the Tribe's collection of loan payments constituted a "scheme and artifice to obtain revenues by means of fraudulent pretenses and representations" using interstate wires (Compl. ¶ 113.)  However, Plaintiffs do not allege any fraudulent conduct in connection with the loan agreements nor that the loan agreements contained misrepresentations.  Instead, they can only narrowly allege "a system of repetitive robocalls," without any further detail.  *Id.*  The Complaint, however, is devoid of these necessary particularized allegations under Rule 9(b), including which Defendant committed which alleged act.  In fact, Plaintiffs admit that they do not know whether any of the Defendants made the alleged robocalls.

### III.   Plaintiffs have failed to adequately allege a claim under the FDCPA.

Count Four of the Complaint purports to assert a FDCPA claim against the "Soaren Defendants" but fails to actually allege that they are even "debt collectors" subject to the Act:

> *Whoever* it is that has been robocalling Plaintiff Green and similarly situated class members—*whether the named Soaren Defendants or a third party John Doe is deliberately hiding its identity*—is a "debt collector."

(Compl. at ¶ 126 (emphases added).)  Plaintiffs cannot sustain a cause of action by guessing that a Defendant, (but maybe a third party) violated the FDCPA.  Plaintiffs' failure to assert that any Defendant was a debt collector or even attempted to collect any debt, and their threadbare formulaic recitation of the elements of an FDCPA claim, is insufficient.

### IV.   Plaintiffs' unjust enrichment claim should be dismissed as to Defendants.

The final count in the Complaint asserts a claim for unjust enrichment against all Defendants.  Plaintiffs allege that "Defendants have been unjustly enriched by their continued possession of funds illegally taken from Plaintiffs," and that in "equity and good conscience, those funds collected in excess of the legal rate of interest" under Pennsylvania law should be returned to Plaintiffs.  (Compl. ¶¶ 131-132.)  Plaintiffs, however, do not make any factual allegation that Dunn or Bickerstaff ever received the alleged excess interest, if any, paid by Plaintiffs.  Therefore, the unjust enrichment claim must be dismissed as to Dunn and Bickerstaff.  With respect to Kraken, the Complaint only indicates that the interest was paid to the Tribe, "most of which ended up as revenue to [Soaren] and [Kraken]."  (*Id*. ¶ 6.)  That statement is mere conclusion/speculation, only stated in the Introduction, with no factual underpinning.

### <u>CONCLUSION</u>

For these reasons, Kraken, Dunn, and Bickerstaff request that the Court enter an ordering dismissing the claims against them under Rule 12(b)(2), or alternatively, pursuant to Rule 12(b)(6).

Dated:  September 24, 2021

*s/ Justin G. Weber*
Justin G. Weber (PA 89266)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 Market Street, Suite 200
Harrisburg, PA  17101
717.255.1155
Justin.Weber@troutman.com

Christopher W. Wasson (PA 63551)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA  19103
215.981.4000
Christopher.Wasson@troutman.com

David N. Anthony (Admitted PHV)
Michael E. Lacy (Admitted PHV)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA  23219
804-697-1200
David.Anthony@troutman.com
Michael.Lacy@troutman.com

## **CERTIFICATE OF SERVICE**

I, Justin G. Weber, hereby certify that on September 24, 2021, the foregoing document was filed through the Court's Electronic Case Filing (ECF) system and that the following individuals are registered to receive notice of this filing through ECF:

> Andrew J. Guzzo, Esq.
> KELLY & CRANDALL PLC
> 4084 University Drive, Suite 202A
> Fairfax, VA  22030
> aguzzo@kellyguzzo.com
>
> James Patrick McNichol, Esq.
> Kristi C. Kelly, Esq.
> KELLY GUZZO, PLC
> 3925 Chain Bridge, Suite 202
> Fairfax, VA  22030
> jmcnichol@kellyguzzo.com
> kkelly@kellyguzzo.com
>
> Irv Ackelsberg
> LANGER GROGAN & DIVER PC
> 1717 Arch Street, Suite 4020
> Philadelphia, PA  19103
> iackelsberg@langergrogan.com
>
> ***Attorneys for Plaintiffs***
>
> Samantha L. Southall
> BUCHANAN INGERSOLL & RONEY PC
> 50 S. 16th Street, Suite 3200
> Two Liberty Place
> Philadelphia, PA  19102
> 215-665-3884
> Samantha.southall@bipc.com
>
> ***Attorney for FactorTrust, Inc.***

> *s/ Justin G. Weber*
> Justin G. Weber