UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Idell Dearry and Penny Green**, *individually and on behalf of all others similarly situated*, | Case No. 21-2548-MAK |
| Plaintiffs, | Judge: Hon. Mark A. Kearney |
| v. | |
| **Soaren Management, LLC, Kraken Holdings, LLC, Andrew Dunn, FactorTrust, Inc., and John Doe Debt Collectors**, | **Report of Rule 26(f) Meeting** |
| Defendants. | |

Under Federal Rule of Civil Procedure 26(f), this Court's February 8, 2022, Order and this Court's Policies, counsel for the parties conferred on February 10, 2022, and submit the following report of their meeting for the Court's consideration at the initial pretrial conference on February 15, 2022:

I.  **Introduction**

This is a civil action alleging violation of the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. All defendants have filed motions to dismiss, which are fully briefed.

On January 25, 2022, the parties engaged in settlement mediation. The result of the mediation is an agreement in principle to settle this matter with the Kraken Holdings, Bickerstaff, and Dunn Defendants ("Settling Defendants").

The Plaintiffs and the Settling Defendants are currently finalizing the settlement agreement. Once finalized, the Plaintiffs expect to file a Stipulation

for dismissal with prejudice with the Court.

Accordingly, this Report will address Plaintiffs' claim against Defendant FactorTrust, Inc. ("FactorTrust").

## II. Discussion of Specific Claims, Defenses and Relevant Issues

Plaintiffs have asserted one claim on behalf of a putative class against FactorTrust: conspiracy to violate RICO under 18 U.S.C. § 1962(d). As to legal arguments, the parties' positions are set forth in their respective briefs on the motion to dismiss. In this section, Plaintiffs and FactorTrust set forth their positions as to the relevant issues. Neither Plaintiffs nor FactorTrust admit to the merits of the other's position.

### A. Plaintiffs' Position

At the motion to dismiss stage, Plaintiffs already have amassed substantial evidence that FactorTrust provided consumer reports with knowledge that those credit reports were an essential component of a scheme that violated Pennsylvania's usury laws. Plaintiffs' evidence includes the following:

- FactorTrust's self-proclaimed role in the sub-prime lending marketplace as a critical partner with on-line lenders, its admissions that it was working with "the payday guys";
- the amount of time and effort FactorTrust devoted to developing products of particular interest and use to payday lenders;
- FactorTrust's access to the details of the nature of the business of its customers; and
- FactorTrust's knowledge of where potential borrowers resided, i.e., in what states, including those like Pennsylvania where high-rate lending is illegal.

This evidence alone demonstrates that FactorTrust knew full well that

its services furthered a scheme to engage in illegal lending in Pennsylvania.

Plaintiffs anticipate that the bulk of factual discovery will focus on the state of FactorTrust's knowledge of the alleged illegal lending scheme and their agreement to facilitate that scheme. The evidence necessary to show that state of knowledge will include additional circumstantial evidence, but also most especially, the deposition of the key principals at FactorTrust.

### B. FactorTrust's Position

In addition to the numerous legal insufficiencies addressed in the briefs submitted in support of FactorTrust's Motion to Dismiss the First Amended Complaint, FactorTrust has strong defenses to Plaintiffs' single conspiracy claim. FactorTrust is a consumer reporting agency ("CRA") that provided credit reports to Pine Tree Lending, LLC d/b/a Clarity Finance ("Pine Tree Lending"), a tribal lender, in the ordinary course of its business at the request of and with the consent of consumers. FactorTrust did not approve any loan applications. It did not lend any money. It did not attempt to collect any money from consumers. It did not receive any money from consumers.

Plaintiffs do not allege that FactorTrust was a member of the purported scheme or that it substantively violated RICO. Plaintiffs only allege that FactorTrust agreed to assist and facilitate an alleged scheme in violation of 18 U.S.C. § 1962(d) when it provided a consumer report in connection with Plaintiff Dearry's loan application. Plaintiffs do not and cannot allege that FactorTrust provided consumer reports with the knowledge that the purported RICO enterprise was engaged in illegal activities and shared a common purpose with it. Irrespective of one's opinion of tribal or "payday" lending, Plaintiffs' theory stretches RICO well beyond its breaking point. There simply is no legal or factual basis to assert a claim for conspiracy to violate RICO against

FactorTrust. Moreover, Plaintiffs will be unable to establish, as they must, substantive RICO violations by a RICO enterprise, as every defendant purported to be a member of the RICO enterprise is being dismissed from the case before the RICO issues can be addressed by the Court.

To that end, FactorTrust anticipates that factual discovery will focus upon: (a) Plaintiffs' and the putative class's application for loans with Pine Tree Lending; (b) the terms of Plaintiffs' and the putative class's loans from Pine Tree Lending; (c) the servicing of Plaintiffs' and the putative class's loans from Pine Tree Lending; (d) any attempts to collect upon Plaintiffs' and the putative class's loans from Pine Tree Lending; (e) the relationship between Pine Tree Lending, Soaren Management, LLC, and the Settling Defendants; (f) FactorTrust's provision of credit reports to Pine Tree Lending at the request of and with the consent of consumers, including Plaintiff Dearry; and (g) the lack of ascertainability of any putative class. FactorTrust anticipates that virtually all of the relevant documents and information is in the possession, custody and control of third parties, including the Settling Defendants.

### III. Stipulated Facts, Insurance Coverage, and Deductible

Both parties are confident that certain basic facts in this litigation are undisputed and can be stipulated to. No exhaustive list can be provided at this stage of the litigation. But the following facts are not in dispute:

1. FactorTrust had a contractual relationship with Pine Tree Lending, pursuant to which it furnished consumer reports.

2. FactorTrust provided a credit report for Plaintiff Dearry at his request and with his consent.

3. FactorTrust did not approve Plaintiffs' loan applications.

4. FactorTrust did not lend any money to Plaintiffs.

5. Plaintiffs did not pay any money to FactorTrust.

6. FactorTrust did not attempt to collect any money from Plaintiffs.

**Insurance Coverage**: Upon the entry of a protective order, FactorTrust will produce a copy of the potentially relevant primary insurance policy.

## IV. Informal Disclosures

In anticipation of the mediation, and for settlement purposes only, Plaintiffs did receive limited statistical information for the Settling Defendants regarding the aggregate scope and value of their lending in Pennsylvania. This material has not been provided to FactorTrust. The parties have not engaged in any other informal discovery to date.

## V. Formal Discovery

Plaintiffs and FactorTrust have met and conferred regarding a proposed discovery plan. They agree that class and merits discovery should be completed contemporaneously and have agreed upon the following schedule:

- Plaintiffs and FactorTrust will exchange initial disclosures on February 25, 2022.
- All requests for the production of documents, interrogatories and requests for admission will be served no later than July 29, 2022.
- Fact discovery will conclude on September 2, 2022.
- All discovery motions regarding fact discovery issues will be filed no later than September 2, 2022.
- Plaintiffs' expert report(s) will be served no later than September 30, 2022.
- FactorTrust's expert report(s) will be served no later than October 31, 2022.

- All expert depositions will be completed no later than December 2, 2022.
- Plaintiffs' motion for class certification will be filed on January 13, 2023.
- Defendants' opposition to Plaintiffs' motion for class certification will be filed on February 10, 2023.
- All *Daubert* motions will be filed no later than January 13, 2023. The non-movant will have 30 days to file an opposition to any *Daubert* motion.
- Any motion for summary judgment will be filed no later than 30 days after this Court rules upon Plaintiffs' Motion for Class Certification. The non-movant will have 30 days to file an opposition Electronic Discovery.

Plaintiffs and FactorTrust have discussed the protocol for electronic discovery and both parties are willing to accept the Court's default protocol and order. Plaintiffs and FactorTrust also contemplate that a Confidentiality Stipulation and Proposed Order will be required and will submit one for the Court's consideration no later than February 25, 2022.

## VI. Expert Witness Disclosures

As discussed above, both Plaintiffs and FactorTrust anticipate using experts and have agreed upon the following schedule:

- Plaintiffs' expert report(s) will be served no later than September 30, 2022.
- FactorTrust's expert report(s) will be served no later than October 31, 2022.
- All expert depositions will be completed no later than December 2,

6

2022.

## VII.  Settlement or Resolution

As discussed above, the parties participated in a mediation on January 25, 2022. Plaintiffs and the Settling Defendants have reached an agreement in principle. Plaintiffs and FactorTrust are discussing whether this case also can be resolved as to FactorTrust.

## VIII.  Trial Dates

Plaintiffs' counsel does not have any conflicts arising in the next four to eight months that would impact the assignment of a trial date in this matter. FactorTrust's counsel is unavailable for trial from July 20, 2022, through August 16, 2022, and August 22, 2022, through August 26, 2022.

## IX.  Referral to a Magistrate Judge

Plaintiffs are willing to consent to referral of this Case to Magistrate Judge Heffley for trial. FactorTrust does not consent to referral of this case to Magistrate Judge Heffley for trial.

Dated: February 11, 2022              Respectfully submitted,

/s/ Irv Ackelsberg
Irv Ackelsberg
LANGER, GROGAN & DIVER P.C.
1717 Arch St., Ste 4020
Philadelphia, PA 19103
(215) 320-5660
(215) 320-5703 (fax)
iackelsberg@langergrogan.com

John J. Grogan
Mary Catherine Roper
Kevin Trainer
LANGER, GROGAN & DIVER P.C.
1717 Arch St., Ste 4020
Philadelphia, PA 19103

7

(215) 320-5660
(215) 320-5703 (fax)
jgrogan@langergrogan.com
mroper@langergrogan.com
ktrainer@langergrogan.com

Samantha L. Southall
Patrick D. Doran
BUCHANAN INGERSOLL &
ROONEY, P.C
50 S. 16th Street Suite 3200
Two Liberty Place
Philadelphia, PA 19102

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February 2022, I caused a true and correct copy of the foregoing document to be filed by the Court's ECF filing system, and thereby served on all parties of record registered with the ECF system.

/s/ Irv Ackelsberg
Irv Ackelsberg
LANGER, GROGAN & DIVER P.C.
1717 Arch St., Ste 4020
Philadelphia, PA 19103
(215) 320-5660
(215) 320-5703 (fax)
iackelsberg@langergrogan.com